IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN ROMERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARNOLD SCOTT HARRIS, P.C.; | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Sean Romero brings this action to secure redress for the actions of Defendants Arnold Scott Harris, P.C. and John Does 1-10 in placing prerecorded or artificial voice calls to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits prerecorded or artificial voice calls to cellular phones without consent.

3. According to the Federal Communications Commission ("FCC"), unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls.

4. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumer from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991) codified at 47 U.S.C. § 227.

### JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 382, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home*

*Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants are located in this District.

7. Venue in this District is proper for the same reason.

8. Article III is satisfied by the receipt of harassing automated phone calls. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020).

## PARTIES

9. Plaintiff Sean Romero is an individual who resides in California. Until 2018, he resided in Chicago, Illinois.

10. Defendant Arnold Scott Harris, P.C. is an Illinois corporation with its principal office at 111 West Jackson Blvd., #600, Chicago, IL 60604. Its registered agent and office is MS Registered Agent Services, 191 N. Wacker Dr., Ste. 1800, Chicago, IL 60606.

11. Defendants John Does 1-10 are other natural or artificial persons that were involved in the placing of the prerecorded or artificial voice calls described below. Plaintiff does not know who they are.

## FACTS

12. On more than 30 occasions during 2021, Plaintiff received prerecorded or artificial voice calls on his cell phone, 312-xxx-0356, of which he is the subscriber, payor and user. Each call delivered a prerecorded or artificial voice message which in substance was the following:

> Hello. This is the law office of Arnold Scott Harris PC. We are debt collectors. Please call us at 312-893-4867. Our offices are open Monday through Thursday from 8:00am to 7:00pm CST. Friday from 8:00am to 6:00pm CST and Saturday from 8:00am to 12:00pm CST. Thank you.

13. Some of the messages were identical but left the callback number 312-380-4080.

14. The messages have a noticeable pause before the callback number, indicating the use of a prerecorded or artificial voice message in which the callback number is merged with a separate message.

15. Return calls to the numbers 312-893-4867 and 312-380-4080 are greeted by a

voicemail message thanking the caller for "calling the law offices of Arnold Scott Harris regarding your parking or red light violation."

16. Plaintiff spoke with representatives of Arnold Scott Harris, P.C. and was told they were looking for LaShawn Romero about a debt. Plaintiff does not know LaShawn Romero and requested Defendant stop calling him.

17. Plaintiff does not owe anything to Defendant. When Plaintiff moved to California he did not owe the City of Chicago any fines for parking or red light violations or anything else.

18. Plaintiff had not authorized the calls.

19. Plaintiff had not voluntarily provided his number to Defendant.

20. Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing phone calls and messages and the calls took time to receive. Defendant's calls to Plaintiff intruded upon the rights of Plaintiff to be free from invasion of his interest in seclusion.

21. Defendant's conduct caused Plaintiff to waste time and energy addressing and/or otherwise reviewing and responding to unwanted calls. Defendant caused Plaintiff actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing calls, consumption of electricity in cost per kilowatt required to charge the cell phone, consumption of money or purchased blocks of calls, and wear and tear on the telephone equipment.

22. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶ 165) (2003).

23. The TCPA was enacted to protect consumers from unwanted and unsolicited phone calls exactly like those calls alleged in this case.

24. There are numerous complaints on the Internet concerning harassing robocalls from

Arnold Scott Harris, P.C.

25. Multiple lawsuits concerning harassing robocalls by Arnold Scott Harris, P.C., have been filed going back a decade. (Exhibits A-H)

26. More recent instances of noncompliance by Arnold Scott Harris, P.C., such as those with respect to Plaintiff, were willful.

## COUNT I – TCPA

27. Plaintiff incorporates ¶¶ 1-26.

28. The TCPA, 47 U.S.C. § 227, prohibits unsolicited calls to cell phones using an artificial or recorded voice:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– * * ***
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

29. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may,**

> **in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30. Plaintiff suffered damages as a result of receipt of the unsolicited prerecorded or artificial voice calls, in that:

   a. The calls invaded Plaintiff's privacy. Unlike live calls, it is not possible for someone like Plaintiff who believes that they were wrongly called to immediately inform the caller of that fact. Instead, the recipient must place a return call.

   b. Plaintiff was required to pay for such receipt, if not on a per message basis, because the receipt counted against the number of minutes or messages he pays for.

   c. Plaintiff's statutory right of privacy was invaded.

   d. The calls consumed power and battery life.

31. Plaintiff is entitled to statutory damages.

32. Defendants violated the TCPA even if their actions were only negligent.

33. Defendants should be enjoined from committing similar violations in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a. Statutory damages;

   b. An injunction against further prerecorded or artificial voice calls to cellular telephones;

   c. Costs of suit;

   d. Such other or further relief as the Court deems just and proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman

Heather A. Kolbus
Matthew J. Goldstein
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

>*/s/ Daniel A. Edelman*
>Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, or file associated with plaintiff, and any account or number or symbol relating to plaintiff. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Daniel A. Edelman*
Daniel A. Edelman